IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEROME WILLIAMS,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 24-CV-3263** |
| | : | |
| **STEFAN WOOD, JR.,** *et al.*, | : | |
|     **Defendants.** | : | |

<u>**MEMORANDUM**</u>

**MARSTON, J.**                                                                                          **November 22, 2024**

*Pro se* Plaintiff Jerome Williams, an inmate at SCI Coal Township, seeks to proceed *in forma pauperis* in this civil action in which he asserts that he and his siblings have been deprived of inheritance from his grandmother's estate. (Doc. Nos. 1, 4). For the following reasons, the Court will grant Williams leave to proceed *in forma pauperis* and dismiss his Complaint upon screening. Any federal claims asserted will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and Williams's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.

I.    **FACTUAL ALLEGATIONS**

The dispute involves the estate of Williams's grandmother and legal guardian, Edith Wood, who passed away on June 18, 2014. (Doc. No. 1 at 2.) Williams asserts that his uncle, Defendant Stefan Wood, Sr., took advantage of Edith in her final days and convinced her to transfer two of her three properties to Stephan Sr. (*Id.*) According to Williams, Stefan Sr. passed away two years later, on September 16, 2016, with a living will that entitles Williams to a house, car, and cash from his estate. (*Id.* at 2–3). But Stefan Sr.'s son, Defendant Stefan Wood, Jr., and another relative, Tyreek Wood, conspired to deny the existence of the will and deprive

Williams of his inheritance. (*Id.*) Utilizing a prisoner complaint form, designated for claims brought pursuant to 42 U.S.C. § 1983, Williams initiated this *pro se* civil action against Stefan Jr., Stefan Sr. (deceased), and Tyreek. (*See Id.* at 1–2.)[1]

Williams contends that he is entitled to portions of the contested estate "under Pennsylvania's state intestasy [sic] law." (*Id.* at 5.) He also alleges that Stefan Jr. has "slandered [William's] reputation and character." (*Id.*) Williams seeks millions of dollars in monetary damages, declaratory relief ordering Defendants to reveal information pertaining to Edith's life insurance policy and Stefan Sr.'s will, and injunctive relief barring Defendants from accessing a contested property at 4824 Sydenham St, Philadelphia, PA 19141. (*Id.* at 2; *see also* Doc. No. 14 at 5).

## II. STANDARD OF REVIEW

The Court will grant Williams leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

construed, . . . contains facts sufficient to state a plausible [ ] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The Court must also review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte").  "A federal court has subject matter jurisdiction over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction) and civil actions between citizens of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction)." *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) (citing 28 U.S.C. §§ 1331, 1332(a)).  It is Williams's burden to establish that this Court has subject matter jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015); *see also Goldman v. Citigroup Glob. Markets Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) ("[T]he party asserting jurisdiction must satisfy the 'well-pleaded complaint rule,' which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case." (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9–11 (1983))).  As Williams is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

### III.  DISCUSSION

#### A.  Federal Claims

By utilizing a prisoner complaint form designated for civil rights claims, Williams may have intended to assert constitutional claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims can be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Williams does not allege that any of the named Defendants were acting under color of state law, and none of the allegations in the Complaint suggest that they were. As such, Williams cannot maintain federal constitutional claims against any of the Defendants because they are not state actors for purposes of § 1983. *See, e.g., Hepfl v. Boot*, No. 21-64, 2021 WL 1701801, at *2 (W.D. Pa. Apr. 8, 2021), *report and recommendation adopted*, 2021 WL 1700043 (W.D. Pa. Apr. 29, 2021) (dismissing *pro se* plaintiff's § 1983 claims against his ex-girlfriend (and the mother of his child) on the basis that she was a private individual and not a state actor); *Massey v. Crady*, Civil Action No. 17-241Erie, 2018 WL 4328002, at *6 (W.D. Pa. Aug. 8, 2018) ("Private citizens . . . are not state actors, and therefore . . . any § 1983 claims against [them] should be dismissed."); *Brett v. Zimmerman,* No. 15-2414, 2018 WL 6576412, at *6 (M.D. Pa. Nov. 2, 2018) (recommending dismissal of § 1983 claims against private individual as frivolous), *report and recommendation adopted*, 2018 WL 6567721 (M.D. Pa. Dec. 13, 2018); *Toroney v. Woyten,* No. 86-4871, 1986 WL 11081, at *1 (E.D. Pa. Oct. 3, 1986) (dismissing § 1983 claims against private actor as frivolous). Accordingly, to the extent that Williams

4

sought to assert federal constitutional claims, they will be dismissed with prejudice pursuant to § 1915(e)(2)(B).

B. **State Law Claims**

Williams's Complaint is best construed as raising claims under state law governing intestate succession and state tort law. District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).[2] Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). Furthermore, diversity jurisdiction is limited by the "probate exception," which deprives federal courts of the ability to "(1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court." *Three Keys Ltd. v. SR Util. Holding Co*, 540 F.3d 220, 227 (3d Cir. 2008).

---

[2] Having dismissed any federal claims, the Court declines to exercise supplemental jurisdiction over Williams's state law claims pursuant to 28 U.S.C. § 1367. Accordingly, the Court will consider these claims only if they independently trigger the Court's jurisdiction.

Here, Williams provides Pennsylvania addresses for each of the named Defendants, which suggests that diversity is lacking. (*See* Doc. No. 1 at 2.) *See Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020). Moreover, Williams's claims against the Defendants appear to be based on allegations that Williams was entitled to inherit money or property that he believes was left to him by his grandmother. The probate exception prevents this Court from exercising jurisdiction over these claims. *See Swatt v. Hawbaker*, No. 22-2940, 2024 WL 361314, at *1 (3d Cir. Jan. 31, 2024) ("The District Court correctly applied the probate exception by dismissing each of the three counts to the extent they sought administration of Decedents' estates or the probate of the correct will.").

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Williams leave to proceed *in forma pauperis* and dismiss his Complaint. Any federal claims Williams sought to assert are dismissed with prejudice and without leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Williams's state law claims are dismissed without prejudice for lack of subject matter jurisdiction. The Court concludes that amendment would be futile because Williams cannot cure the noted deficiencies in the Complaint. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend " unless amendment would be inequitable or futile." ). However, the dismissal of any state law claims is without prejudice to Williams refiling any such

claims in state court, where federal diversity jurisdiction will not be an issue. A final Order follows, which dismisses this case.